**SO ORDERED: March 28, 2005.**



_____
**Anthony J. Metz III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| Frankfort Tower Industries, Inc., *et al*. | ) | Case No.: 03-17287 |
| (f/k/a ROHN Industries, Inc., *et al*) | ) | (Substantively Consolidated) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Frankfort Tower Industries, Inc., *et al*., | ) | Adv. Pro. No.: 04-0443 |
| As Debtors-In-Possession, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| -v- | ) | |
| | ) | |
| Haley Tower Co., Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

This matter comes before the Court on the *Complaint to Avoid and Recover Preferential Transfer* (the "Complaint") [Docket No. 1] filed by the Plaintiffs, Frankfort Tower Industries, Inc., et al., Debtors and Debtors-in-Possession herein (the "Debtors" or "Plaintiffs") on August 2,

INDY 1520567v1

2004 and the *Answer to Complaint and Motion to Dismiss* [Docket No. 7] ("Answer") filed by Haley Tower Co., Inc. ("Haley Tower") on September 14, 2004.

The Court having conducted a trial on the merits on March 23, 2005, at which the Plaintiffs were represented by counsel and the Defendant failed to appear; and having considered the evidence and testimony presented, including the testimony presented by Ms. Lisa K. Cavanaugh, former Corporate Accounting Manager of the Debtors, and the arguments of counsel; and being in all things duly advised, now makes the following findings of fact and conclusions of law;

**Findings of Fact**

1.  The testimony and exhibits admitted at trial, including but not limited to the testimony of Lisa K. Cavanaugh and "Exhibit 1" – check number C908874 and "Exhibit 2" – Invoice and Payment Summary, establish the following elements of the Plaintiffs' claim:

   a)  The Defendant did business with the Debtors prior to the Petition Date.

   b)  The Debtors made one Transfer by check of an interest in property of the Debtors in the aggregate amount of $12,000.00 (the "Transfer") directly to or for the benefit of the Defendant on or within 90 days before the Petition Date (the "Preference Period").

   c)  At the time of the Transfer, the Defendant was a creditor of the Debtors within the meaning of 11 U.S.C. § 101(10)(A).

   d)  The Transfer either reduced or fully satisfied a debt then owed by the Debtors to the Defendant, and therefore, was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1).

e) The Transfer by the Debtors was made on account of a debt obligation for which the Debtors were legally bound to pay before the Transfer was made, and therefore was made on account of an antecedent debt.

2. Haley Tower did not come forward with evidence to rebut the presumption of insolvency of the Debtors during the ninety (90) day period preceding the Debtors' Petition Date, and, therefore the Court finds that the Debtors were insolvent throughout the Preference Period within the meaning of the Bankruptcy Code.

3. The testimony and exhibits admitted at trial, including but not limited to the testimony of Lisa K. Cavanaugh and "Exhibit 3" – *Joint Plan of Liquidation, as Immaterially Modified* (as attached to and incorporated into this Court's November 22, 2004 *Order Under 11 U.S.C. §§ 1129(a) and Fed.R.Bankr.P. 3020 Confirming Debtors' Plan of Liquidation, as Immaterially Modified and Substantively Consolidating the Debtors' Estates*) establish that the Transfer enabled Haley Tower to receive more than it would have received in a case under Chapter 7 of the Bankruptcy Code if the Transfer had not been made.

4. Haley Tower has not come forward with sufficient evidence to support a finding that the Transfer is protected by any of the affirmative defenses to avoidance and recovery set forth in Section 547(c)(2).

## Conclusions of Law

A. The cause of action set forth in the Debtors' Complaint involves a request that the Court enter a judgment avoiding and recovering a preferential Transfer pursuant to 11 U.S.C. § 547(b). In order to prevail on its request, the Debtors were required to prove, by a preponderance of the evidence, the following five necessary elements and carry the burden of proof on each:

    (1)      The Transfer was to or for the benefit of a creditor;

    (2)      The Transfer was for or on account of an antecedent debt owed by the Debtors before the Transfer was made;

    (3)      The Transfer was made while the Debtors were insolvent;

    (4)      The Transfer was made—
        (A)    on or within 90 days before the date of the filing of the Debtors' petitions; or
        (B)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5)      The Transfer enabled the Defendant to receive more than it would receive if—
        (A)    the case were a case under chapter 7 of the Bankruptcy Code;
        (B)    the transfer had not been made; and
        (C)    such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

See gen., 11 U.S.C. § 547(b)(1) – (5). The Debtors have established each of the necessary elements to prevail upon their request.

    B.    In order to prevail upon any of the enumerated affirmative defenses set forth under Section 547(c), Haley Tower was required to carry the burden of proof of establishing the applicability of such defenses. See gen., 11 U.S.C. § 547(c). Haley Tower has failed to establish that the Transfer is protected from avoidance by any of the enumerated affirmative defenses set forth under Section 547(c)(1).

    C.    The Court concludes that, pursuant to 11 U.S.C. § 547(b), the Transfer is avoidable as a preferential Transfer.

    D.    The Court further concludes that the Transfer, to the extent that it is avoided under 11 U.S.C. § 547, may be recovered by the Debtors.

    E.    The Court further concludes that the award of pre-judgment interest, as requested in the Debtors' Complaint, is proper and, pursuant to 28 U.S.C. § 1961, the Debtors are entitled

to an award of $201.65 in prejudgment interest (calculated as of March 11, 2005 and based upon a one year Treasury yield rate of 3.28%).

WHEREFORE, it is ORDERED, ADJUDGED, and DECREED that Judgment is hereby entered, without relief from valuation and appraisement laws, in favor of the Plaintiffs, Frankfort Tower Industries, Inc., et al., and against the Defendant, Haley Tower, Inc., in the amount of Twelve Thousand Dollars ($12,000.00), plus costs in the amounts of One Hundred Fifty Dollars ($150.00) and prejudgment interest in the amount of Two Hundred One and 65/100 Dollars ($201.65), amounting to a total Judgment in the amount of Twelve Thousand Three Hundred Fifty-One and 65/100 Dollars ($12,351.65), with interest accruing at the rate of $1.08 per diem thereafter until the judgment is paid in full.

###

Submitted by:

Ben T. Caughey
ICE MILLER
One American Square
Box 82001
Indianapolis, Indiana 46282-0200


DISTRIBUTION TO:

U.S. Trustee
101 West Ohio Street, Suite 1000
Indianapolis, Indiana 46204

Ben T. Caughey
ICE MILLER
One American Square
Box 82001
Indianapolis, Indiana 46282-0200

Robert S. Murphree
Attorney at Law

INDY 1520567v1

P.O. Box 370
Jackson, Mississippi 39205-0370

INDY 1520567v1